**Theodore F. JOHNSON,**
**Plaintiff–Appellant,**

v.

**NEW YORK CITY EMPLOYEES IN-COME RETIREMENT SYSTEM PENSION PLAN, John J. Murphy N.Y.C.E.R.S. Pension Administrator, Willie James, New York City Transport Workers Union of America, AFL–CIO Local 100, Retirement Pension Administrator, New York City Transit Authority Retirement Pension Administration, Defendants–Appellees.**

**Docket No. 00–9162.**

United States Court of Appeals, Second Circuit.

May 25, 2001.

Appeal from the United States District Court for the Southern District of New York, Stein, J.

Theodore F. Johnson, Hempstead, NY, pro se.

Ellen B. Fishman, Assistant Corporation Counsel, New York, NY; Michael D. Hess, Corporation Counsel, for John J. Murphy and New York City Employees Retirement System.

Manlio Di Preta, O'Donnell, Schwartz, Glanstein, Rosen, Di Preta & Goldstein, New York, NY, for Willie James, New York City Transport Workers Union of America, AFL–CIO Local 100.

Kimberly D. Wescott, New York City Transit Authority, Brooklyn, NY; Robert K. Drinan, on the brief, for appellees.

Present OAKES, Van GRAAFEILAND and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

 Plaintiff-appellant Theodore F. Johnson ("Johnson") filed a complaint pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that the appellees violated his rights to equal protection and due process by denying, and conspiring to deny, applications he had filed for disability retirement benefits. The district court found that Johnson's claims were barred by the statute of limitations and granted the appellees' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). We find no error in the district court's statute of limitations analysis and affirm. In his complaint, Johnson also alleged that he had been denied equal access to the courts, and, in his objection to the magistrate judge's report and recommendation, he raised several tort claims. Because Johnson provided no support for these claims, the district court properly dismissed Johnson's complaint in its entirety. *See Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996) ("bald assertions and conclusions of law" will not prevent the dismissal of a complaint pursuant to Fed. R.Civ.P. 12(b)(6)). In addition, Johnson may not raise for the first time on appeal his claims that the appellees violated his First, Fourth, and Ninth Amendment rights. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

The district court's judgment is hereby affirmed.